```
                          UNITED STATES DISTRICT COURT
                          DISTRICT OF SOUTH CAROLINA
```

|                          |   |                              |
|--------------------------|---|------------------------------|
| Curtis G. Moorer,        | ) | C/A No. 6:09-2262-RBH-BHH    |
|                          | ) |                              |
|    Plaintiff, | ) | REPORT AND RECOMMENDATION |
|                          | ) |                              |
| vs.                      | ) |                              |
|                          | ) |                              |
| Graceland Rental,        | ) |                              |
|                          | ) |                              |
|    Defendant. | ) |                          |

Introduction and Background

Curtis G. Moorer ("Plaintiff"), proceeding *pro se*, brings this civil action against Graceland Rental which sold to and/or financed Plaintiff's purchase of a storage building in March of 2007.[1] Plaintiff alleges that the storage building is located on his property and that it contains his personal property. Plaintiff alleges that after his purchase of the building he made monthly payments. In April of 2008, Plaintiff filed for Chapter 13 bankruptcy due to his financial problems. He alleges that he is currently making payments under the bankruptcy plan. Plaintiff alleges that the defendant has attempted to collect payments from him. Plaintiff alleges that when he was out of town and without his permission the defendant came onto his property and removed the doors to the storage building and took personal property from inside the storage building. Plaintiff alleges that the defendant will not return his personal belongings that were taken but that the defendant did return the

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

doors by leaving them on the ground. Plaintiff alleges that the defendant is harassing him and threatening to return to his property to take the storage building.

Plaintiff alleges that the defendant violated his civil rights, and Plaintiff seeks money damages and "to keep his storage building." Liberally construed, Plaintiff may also be alleging state law intentional tort claims, such as conversion of personal property, outrage, and trespass. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts

alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Subject matter jurisdiction focuses on the power of the court to hear a claim. *See El-Hadad v. United*

*States*, 377 F.Supp.2d 42, 46 (D.C. 2005). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 MOORE'S FEDERAL PRACTICE § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

In this case, the court gleans from the complaint that is does have subject matter jurisdiction because this case is "related to a case under Title 11." *See* Title 28 U.S.C. §

4

1334. Plaintiff alleges that he filed for Chapter 13 bankruptcy protection in April of 2008, and he alleges that he is currently making monthly payments under the terms of the bankruptcy plan. The complaint and attachments reveal that Plaintiff is the debtor and that the defendant is a creditor which is seeking to collect its money from Plaintiff or to repossess its storage building. This matter certainly seems to be "related to" Plaintiff's bankruptcy case because it could alter the debtor's rights and options (positively or negatively) and the outcome of this action could impact upon the handling of the bankrupt estate. *See New Horizon v. Jacobs*, 231 F.3d 143, 151 (4th Cir. 2000) (noting that an action against the debtor or his property is usually a "related to" case). The Local Rules in this District Court provide that all cases related to a case under Title 11 are referred to the Bankruptcy Judges for this District. *See* Local Rule 83.IX.01 (D.S.C.) Thus, this court should refer this case to a Bankruptcy Judge for this District, and this action should be dismissed from this court's civil docket.

## Recommendation

It is recommended that the District Court refer this action to a Bankruptcy Judge for this District and dismiss this action *without prejudice* from this court's civil docket. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

September 3, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).